UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MEHAKBIR SINGH,

Petitioner,

v.

KRISTI NOEM, et. al.,

Respondents.

No.  1:26-cv-00386-DC-DMC (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(ECF No. 12)

Petitioner, an immigration detainee proceeding with retained counsel, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On February 10, 2026, the Magistrate Judge filed findings and recommendations which were served on the parties, and contained notice that the parties may file objections within the time specified therein.  ECF No. 12.  Respondents filed objections to the findings and recommendations.  ECF No.  14. In their objections, Respondents merely state that they object "[f]or the reasons set forth in Respondents' previous briefing."  *Id.*  However, those arguments were addressed and rejected by the magistrate judge and the undersigned in this case and other cases.  Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5),

1

the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations filed on February 10, 2026, ECF No. 12, are ADOPTED;

2. Petitioner's petition for writ of habeas corpus, ECF No. 1, is GRANTED;

3. Respondents are ordered to immediately release Petitioner from their custody under conditions no stricter than those to which he was subject to prior to his October 21, 2025 detention;

4. Respondents are enjoined and restrained from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing;

5. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal; and

/////

2

6.      The Clerk of the Court is ordered to enter judgment in favor of Petitioner and close this case.


IT IS SO ORDERED.

Dated:   **March 17, 2026**

Dena Coggins
United States District Judge

3